Screws and Bolts. Screws and bolts are used in mechanical work for holding two or more pieces together in a fixed position, or as a means of transmitting motion, as when adjusting one part relative to another. They may be divided into a number of *classes* each of which is particularly applicable to a certain kind of work. These *classes* are known as machine screws, cap-screws, studs, set-screws, bolts, and *wood-screws*. These general classes contain *different forms or types*, owing to variations in the shape of the head, etc. [Italics ours.]

Each of these general classes so named is then described and individual types are given, many of them being illustrated pictorially. Of bolts, the general statement is made:

Bolts.—The difference between a bolt and a screw according to the *generally accepted meaning* of the term, is that nuts are used on bolts, whereas screws are inserted into tapped holes; there are exceptions, however, to this *general* classification. * * * [Italics ours.]

A number of pictorial illustrations of bolts are given, no one of which shows a gimlet-like point or otherwise bears much resemblance to the exhibits on file.

Wood screws are quite specifically discussed and illustrated, thirteen different forms, or types, being shown under designations such as "headless," "dowel," "flat head," "oval head," "round head," etc. The last of the illustrations given under the general head of wood screws consists of a picture which, except for the number of threads (a matter immaterial here), might well be taken as a picture of the pertinent exhibits at bar. It is designated "coach or lag screw" and the text states that it "has a square head instead of a slot, so that it can be turned by a wrench." [All italics in the foregoing quoted.]

While the foregoing suggests that the general function of all screws, whether wood or machine, is to fasten together parts of wood or wood and metal, it does not rule out of the category of screws, articles fitting the descriptions given which are not so employed. Indeed, the first definition cited by the court, namely, that provided by Webster's New International Dictionary, 1932, sets forth the characteristics of wood screws without reference to their use.

It can not be disputed that the items in issue are screws—they are threaded cylindrical metal objects with slotted heads for turning with a screwdriver and, when inserted into wood, the sharpness of their threads cuts corresponding grooves in the wood. Since their only use is in wood, it would seem to follow that they are properly described as wood screws.

We do not think that the circumstance that these screws are solely used as parts of complete fasteners for cabinet doors warrants any different conclusion. When so employed, they do not lose their character as screws merely because the ball or nob shape of the heads permits them to engage the arms of friction catches. Moreover, in the present instance, the screws were imported separately, and, in their imported condition, they fall directly within the scope of the provision for wood screws.

We, therefore, sustain the claim of the plaintiff in protest 59/22333 (A) to the effect that the screws covered by the entry to which it relates are dutiable at the rate of 12½ per centum ad valorem, pursuant to the provision in paragraph 338, as modified, *supra*, for screws, commonly called wood screws. All claims in protest 59/34425, for the reasons hereinabove stated, are, however, dismissed.

Judgment will be entered accordingly.

BEFORE THE FIRST DIVISION, JULY 13, 1961

**No. 65894.—**D. N. & E. Walter & Co. *v.* United States, protest 59/9332 (Los Angeles).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of valances similar in all material respects to those the subject of *D. N. & E. Walter & Co. et al.* v. *United States* (43 Cust. Ct. 26, C.D. 2098), the claim of the plaintiff was sustained.

No. 65895.—D. N. & E. Walter & Co. et al. *v.* United States, protests 60/15560, etc. (New York).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of valances similar in all material respects to those the subject of *D. N. & E. Walter & Co. et al.* v. *United States* (43 Cust. Ct. 26, C.D. 2098), the claim of the plaintiffs was sustained.

No. 65896.—Manca, Inc. *v.* United States, protest 60/26422 (New York).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of boxes similar in all material respects to those the subject of Abstract 59557, the claim of the plaintiff was sustained.

No. 65897.—John Stuart, Inc. *v.* United States, protest 303868–K (Philadelphia).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of chairs similar in all material respects to those the subject of *Davies Turner & Co.* v. *United States* (45 C.C.P.A. 39, C.A.D. 669), the claim of the plaintiff was sustained.

No. 65898.—Design International Corp. *v.* United States, protest 60/17104 (New York).